IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 19-585 |
| CHRISTOPHER O'SULLIVAN | : | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The defendant, a middle school teacher, violated the trust placed in him by a twelve-year-old student and the student's parents, pressuring the boy with incessant text messages to coerce him to send a photograph of his genitalia. For the reasons set forth below, the government requests a guidelines sentence of 180 months' imprisonment, consistent with the parties' plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).

The Third Circuit has set forth a three-step process which the district courts must follow in compliance with the Supreme Court's ruling in *United States v. Booker*, 543 U.S. 220 (2005):

> (1) Courts must continue to calculate a defendant's Guidelines sentence precisely as they would have before *Booker*.
>
> (2) In doing so, they must formally rule on the motions of both parties and state on the record whether they are granting a departure and how that departure affects the Guidelines calculation, and take into account our Circuit's pre-*Booker* case law, which continues to have advisory force.
>
> (3) Finally, they are to exercise their discretion by considering the relevant § 3553(a) factors in setting the sentence they impose regardless whether it varies from the sentence calculated under the Guidelines.

*United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006) (quotation marks, brackets, and citations omitted) (citing *United States v. King*, 454 F.3d 187, 194, 196 (3d Cir. 2006); *United*

1

*States v. Cooper*, 437 F.3d 324, 329-30 (3d Cir. 2006)). *See also United States v. Smalley*, 2008 WL 540253, *2 (3d Cir. Feb. 29, 2008) (stating that the *Gunter* directive is consistent with later Supreme Court decisions). In calculating the guideline range, this Court must make findings pertinent to the guideline calculation by applying the preponderance of the evidence standard, in the same fashion as was employed prior to the *Booker* decision. *United States v. Grier*, 475 F.3d 556 (3d Cir. 2007) (en banc). The failure to properly calculate the advisory guideline range will rarely be harmless error. *United States v. Langford*, 2008 WL 466158, *8-11 (3d Cir. Feb. 22, 2008).

At the third step of the sentencing process, the Court must consider the advisory guideline range along with all the pertinent considerations of sentencing outlined in 18 U.S.C. § 3553(a) in determining the final sentence. "The record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors. . . . [A] rote statement of the § 3553(a) factors should not suffice if at sentencing either the defendant or the prosecution properly raises 'a ground of recognized legal merit (provided it has a factual basis)' and the court fails to address it." *Cooper*, 437 F.3d at 329. *See also Rita v. United States*, 127 S. Ct. 2456, 2468 (2007) ("The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority."); *United States v. Schweitzer*, 454 F.3d 197, 205-06 (3d Cir. 2006).

The government explains below its view that the proper consideration in this case of the advisory guideline range and of the Section 3553(a) factors should result in a guidelines sentence of 180 months' incarceration.

I.     **BACKGROUND**

In late July 2019, the parents of Minor 1, age 12, saw inappropriate text messages of a sexual nature on Minor 1's cellular phone between Minor 1 and "Mr. O.," whom Minor 1's parents knew to be Minor 1's middle school teacher, defendant Christopher O'Sullivan. Minor 1's parents reported this information to middle school administrators, who preserved the text messages stored on Minor 1's cellular phone. The text messages on Minor 1's phone were with phone number (610)xxx-1564, which was the number the school had on file for the defendant. In the extensive text message exchanges over several weeks in June and July 2019, the defendant attempted to persuade Minor 1 to engage in sexual activity and produce images of sexually explicit conduct. Ultimately, Minor 1 acquiesced on July 19, 2019, sending a photograph of his genitalia to the defendant. When the FBI later searched the defendant's Apple iPhone, this same image was found on the defendant's phone.

Among the text exchanges between the two, after Minor 1 sent the above picture, the defendant responded, "Nicee." He then requested of Minor 1, "If you're okay with it you should try and send me a nice sexy video 😃 haha." In another text exchange, the defendant asked Minor 1 if he ever talked to his friends about "jerkin off?" On yet another date, the defendant expressly texted Minor 1 about engaging in sexual activity, asking if he could "pick [Minor 1] up a little before everyone else to do stuff for a little then?," and when Minor 1 resisted, the defendant pressed for tomorrow, asking if Minor 1 would "take the lead?"

If Minor 1 did not immediately respond to the defendant's text messages, the defendant often expressed irritation and insecurity toward the 12-year-old. For example, the defendant wrote, "Yo man, i know you're busy with camp and stuff but message me when you get the chance. I feel

3

like your annoyed with me or something." Similar messages on other dates included, "Alright but how come you haven't gotten back to me all day?," and, "Let's see if you do a better job messaging me now. I know you're tired. And maybe your phone is low. But if you're up in a bit i'll be waiting to hear from ya. I wanna see if you're all talk or actually a man of your word this time."

## II. SENTENCING CALCULATION

### A. Statutory Maximum and Minimum Sentences.

Count One (enticement of a minor using a facility of interstate commerce) carries a 10-year mandatory minimum term of imprisonment, a maximum of life in prison, a mandatory minimum 5 years of supervised release up to lifetime supervised release, a $250,000 fine, a $100 special assessment, and if the defendant is found not to be indigent, an additional assessment of $5000; Count Two (production of child pornography) carries a 15-year mandatory minimum term of imprisonment, a maximum of 30 years in prison, a five-year minimum period of supervised release, a lifetime maximum term of supervised release, a $250,000 fine, and a $100 special assessment, and if the defendant is found not to be indigent, an additional assessment of $5000.

The total possible sentence is a mandatory minimum term of 15 years in prison (25 years if consecutive), a maximum of life in prison, a five-year minimum period supervised release, a lifetime maximum term of supervised release, a $500,000 fine, a $200 special assessment, and if the defendant is found not to be indigent, an additional assessment of $10,000. Full restitution also shall be ordered. Forfeiture of all proceeds from offense, all property involved in the offense, and all facilitating property also may be ordered.

**B.     Sentencing Guidelines Calculation.**

The Plea Agreement between the parties reflects a stipulation as to Count One that the cross-reference in USSG § 2G1.3(c)(1) applies, and therefore, the offense level for Count One should be determined under USSG § 2G2.1; and that 3 points are subtracted for acceptance of responsibility, pursuant to USSG § 3E1.1. The parties have agreed to recommend a sentence of 180 months' imprisonment under Federal Rule of Criminal Procedure 11(c)(1)(C).

The Probation Office determined that Counts One and Two are grouped under § 3D1.2(b). Group 1 receives a base offense level of 32 pursuant to the § 2G2.1, plus 2 points because Minor 1 was 12 years old pursuant to § 2G2.1(b)(1)(B), plus 2 points because the defendant solicited the image from Minor 2 by text message over his cell phone pursuant to § 2G2.1(b)(6)(B), plus 2 points for abuse of a position of trust under § 3B1.3, for a total of 38. Subtracting 3 points for acceptance of responsibility under § 3E1.1 leads to a total offense level of 35. Presentence Report ("PSR") ¶ 37. Given a criminal history category of I, *id.* ¶ 41, this corresponds to a guidelines range of 168 to 210 months, but because the mandatory minimum term is 180 months, the guideline range is 180 to 210 months. *Id.* ¶ 80.

**III.    ANALYSIS**

A thorough consideration of all of the sentencing factors set forth in 18 U.S.C. § 3553(a) suggests that this Court should consider the calculation of the advisory guidelines as set forth in the PSR, the agreement of the parties set forth in the plea agreement, review all other factors, and impose a sentence of 180 months in prison.

The Supreme Court has declared:  "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark."

*Gall v. United States*, 128 S. Ct. 586, 596 (2007). The Sentencing Guidelines remain an indispensable resource for assuring appropriate and uniform punishment for federal criminal offenses.

      This Court must also consider all of the sentencing considerations set forth in Section 3553(a). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

      The defendant's crimes in enticing a 12-year-old child who was his middle school student, abusing his trust, and ultimately coercing him to produce an image of child pornography are abhorrent, outrageous and disturbing. The defendant was in a position of trust, and took advantage of a child's vulnerability in order to exploit him in a most egregious manner for his own sexual gratification. The cost of these crimes is substantial, as Minor 1's mother tragically writes: "My son is no longer able to trust teacher's [sic] anymore." *See* Victim Impact Statement, Exh. A (filed under seal). She continues, "My son [Minor 1] is embarrassed by this man's actions and doesn't like talking about what has happened . . .." *Id.* Minor 1's mother

writes that her son will need counseling to address his difficulties in coping with this experience.

The Court must also consider the nature of the offender. The defendant has no criminal history. He is educated with a college degree and was gainfully employed – as a middle school teacher entrusted with the safety of children who instead chose to exploit a child whose parents took the risk of permitting the child to engage in extracurricular activities with the defendant. The defendant's family describes the tragic loss of his mother as a traumatic event in his young life, yet there is no reasonable path from that loss to the sexual exploitation of children.

The defendant's sentence must be sufficient to punish him, deter him, deter other like-minded individuals, and above all, protect the public from his further crimes. Further, the Court should fashion a sentence that will "reflect the seriousness of the offense and promote respect for the law." 18 U.S.C. § 3553(a)(2). The recommended sentence also should lead to consistency in sentencing. *Id.* The sentence of 180 months contemplated by the parties is sufficient but not greater than necessary to achieve all of these goals.

### IV.  SUPERVISED RELEASE

The parties jointly recommend in their plea agreement a period of supervised release of 10 years.

### V.  RESTITUTION

Under 18 U.S.C. § 2259, a district court is required to award restitution for certain federal criminal offenses, including offenses involving child pornography. *Paroline v. United States*, 134 S. Ct. 1710, 1716 (2014). By statute, the issuance of a restitution order is mandatory, and district courts must order a defendant "to pay the victim (through the appropriate court mechanism) the full amount of the victim's losses as determined by the court." 18 U.S.C. §

2259(b)(g1), (b)(4)(A). The "full amount of the victim's losses" is statutorily defined to include any costs incurred by the victim for—

> (A) medical services relating to physical, psychiatric, psychological care;
> (B) physical and occupational therapy or rehabilitation;
> (C) necessary transportation, temporary housing, and child care expenses;
> (D) lost income;
> (E) attorneys' fees, as well as other costs incurred; and
> (F) any other losses suffered by the victim as a proximate result of the offense.

18 U.S.C. § 2259(b)(3).

In *Paroline v. United States*, the Supreme Court imposed a proximate causation standard: "Restitution is therefore proper under § 2259 only to the extent the defendant's offense proximately caused a victim's losses." 134 S. Ct. at 1722. Here, it is clear that any losses of Minors 1 in relation to the charged offenses are the direct result of the conduct of the defendant in this case. The mother of Minor 1 has not yet attributed a loss amount to this experience, but is expected to be present at sentencing. She has also indicated that she believes Minor 1 will require counseling to deal with the impact of this crime.

## VI. CONCLUSION

For the reasons set forth above, the government respectfully requests that the Court sentence the defendant to 180 months in prison.

Respectfully submitted,

JENNIFER ARBITTIER WILLIAMS
Acting United States Attorney


 /s Michelle L. Morgan
MICHELLE L. MORGAN
Assistant United States Attorney
Chief, Corruption & Civil Rights Unit

## CERTIFICATE OF SERVICE

I certify that on this day I caused a copy of the Government's Sentencing Memorandum to be served by electronic filing, and/or electronic mail, addressed to:

Michael Fienman, Esquire
1608 Walnut Street, Suite 900
Philadelphia, PA 19103-5451

    */s/ Michelle L. Morgan*
MICHELLE L. MORGAN
Assistant United States Attorney

Dated: May 5, 2021