IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 19-585 |
| | : | |
| | : | |
| v. | : | |
| | :HON. NITZA I. QUIÑONES ALEJANDRO |
| | : | |
| CHRISTOPHER O'SULLIVAN | : | |


SENTENCING MEMORANDUM ON BEHALF OF
<u>CHRISTOPHER O'SULLIVAN</u>


Defendant, Christopher O'Sullivan, by his attorney, Michael H. Fienman, Esq.,

hereby submits the following memorandum in mitigation of sentence in the above

captioned matter.

I.      INTRODUCTION

Christopher O'Sullivan comes before this Court for sentencing on May 17, 2021

after having pled guilty to Counts One and Two of the Indictment.  A Final Presentence

Investigation Report (PSIR) was prepared in this case on March 1, 2021.  The defense has

no objections or corrections to this report.

Mr. O'Sullivan entered a plea agreement pursuant to Federal Rule of Criminal

Procedure 11(c)(1)(C). The government and defense agreed that a sentence of 180 months'

incarceration, followed by a 10-year period of supervised release and a (mandatory) $200

special assessment. The parties further agreed that any restitution or fine amount will be left

to the discretion of the Court as an appropriate disposition of this case.  If the Court is

considering imposing a fine in this matter, the defense respectfully requests that it be one within the low end of the guideline range.

II.      PRESENTENCE REPORT

Mr. O'Sullivan's Criminal History Category and Total Offense Level have been correctly assessed as a Level I and 35, respectively. The Guideline Range has been correctly assessed as 180 – 210 months; however, the parties have agreed, pursuant to Rule 11(c)(1)(C), that a sentence of 180 months is an appropriate period of incarceration for Mr. O'Sullivan.

III.     ANALYSIS OF THE SENTENCING FACTORS UNDER 18 U.S.C. §3553(a)

The sentencing factors set forth in 18 U.S.C. §3553(a) include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

A.      The Nature of Circumstances of the Offense and the History and Characteristics of Mr. O'Sullivan

2

Since the government has already highlighted the nature and circumstances of the offense in its submissions to the Court, the defense will primarily focus on Mr. O'Sullivan's history and characteristics.

Christopher O'Sullivan is 32 years old.  He is an educated man who graduated with a bachelor's degree from Shippensburg University in 2011.  Until his arrest in 2019, Mr. O'Sullivan had no prior contacts with law enforcement and held steady employment, working hard – and consistently - as a teacher and coach.

There are 11 letters of support which are attached hereto collectively and incorporated herein as Exhibit "A." Many are from family members, but some are from Mr. O'Sullivan's friends and also their families. This extended circle of support is demonstrative of the positive attributes, loyalty and goodwill that Mr. O'Sullivan fostered with others prior to arrest and incarceration.

An underlying topic raised in most of the letters is the fact that Mr. O'Sullivan lost his mother to cancer when he was just 12 years old. (Ex. "A" p.2, ¶1; p.5, ¶4; p.8, ¶2; p.9, ¶3; p.10, ¶2; p.11, ¶1; p.12, ¶2). Some go on to write about how the trauma of that incident has had a long-lasting impact on Mr. O'Sullivan's life. (Ex. "A" p.2, ¶1; p.8, ¶2). Both of his aunts address deficiencies in Mr. O'Sullivan's psychological development following the trauma and grief he suffered from his mother's death and overall disruption to the immediate family during his formative years. (Ex. "A" p.6, ¶2, p.8, ¶2).

Should the Court accept the terms of the plea agreement, it is within the discretion of the Court to levy a fine in this matter.  The guideline range for this fine is $40,000.00 – $400,000.00. (PSR, p. 17, ¶90). The defense respectfully requests that your Honor consider imposing no fine for following reasons: Mr. O'Sullivan's only financial asset is a retirement account with minimal savings. (PSR, p. 15, ¶75).  Once released from prison he will be

unemployable due to his federal conviction and sex offender registrant requirement.  Even taking into consideration the incredible seriousness of Mr. O'Sullivan's crime, no fine – or a fine at the low end of the guideline range – combined with fifteen years' imprisonment, lifetime registration on the sex offender registry, and ten years of supervised release is more than enough punishment for a man with no criminal history.

   B.  The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, Promote Respect for the Law, and Provide Just Punishment for the <u>Offense</u>

   The defense concurs with the government the agreed-upon sentence of 180 months in prison reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense.

   C.  The Need to Afford Adequate Deterrence to Criminal Conduct, and to <u>Protect the Public from Further Crimes of the Defendant</u>

   Since September 2019, Mr. O'Sullivan has been in custody at the Philadelphia Detention Center and concentrating on his rehabilitation.  He has been complaint and has no write ups or negative reports. From at least January 2020 to present, Mr. O'Sullivan has been working in the facilities department and receives exemplary reviews by his supervisors. *See* Federal Bureau of Prisons evaluations annexed hereto as Exhibit "B." Additionally, he has participated in a number of educational and faith-based classes; proof of the same is attached as Exhibit "C."

   Mr. O'Sullivan's demonstrated commitment to rehabilitation, closely monitored behavior over the past year and a half, as well as the fact that he will be on supervised release for ten years upon his release from prison, demonstrate that Mr. O'Sullivan will have neither the inclination nor the ability to commit **any** crime in the future.

D.     The Need to Provide the Defendant with Training, Medical Care, or
       <u>Correctional Treatment</u>

Mr. O'Sullivan considers himself recreational user of marijuana and told probation that he has a substantial history with the drug. (PSR, p. 14, ¶67). There is no doubt that Mr. O'Sullivan is need of substance abuse treatment for his marijuana use that started when he was in college.

E.     The Need to Avoid Unwarranted Sentence Disparities Among Similarly
       <u>Situated Defendants</u>

Reference to the sentencing guidelines, while carefully considering the 3553(a) factors particularly relevant to an individual defendant, is the best available means of preventing the disfavored result of unwarranted sentencing disparities. Here, the agreed-upon sentence of 180 months considers, as detailed above, individual circumstances of this defendant, including the early notice by defendant that he would be pleading guilty.

F.     <u>Restitution</u>

There has been no request for restitution by the victim. The record is entirely void of evidence or even a suggestion that the explicit image of Minor 1's genitalia was transferred or distributed beyond defendant's phone. Further, Minor 1's identity has been protected by law enforcement and This Honorable Court for the duration of this matter. As such, the defense contends that absent testimony and documentation to the contrary, the imposition of restitution in an amount that exceeds the $3,000 mandatory assessment as provided in 18 U.S.C. § 2259(b)(2)(B) would be speculative and thus inappropriate in this matter.

IV.  DEFENSE SENTENCING RECOMMENDATION

       The defense respectfully requests that the Court impose the recommended sentence of 180-month sentence of incarceration sentence set forth in the plea agreement which was made pursuant with Federal Rule of Criminal Procedure 11(c)(1)(C). In addition, the defense respectfully requests that the Court recommend to the Bureau of Prisons that Mr. O'Sullivan be allowed to participate in RDAP program.

       Respectfully submitted,

Michael H. Fienman
1608 Walnut Street, Suite 900
Philadelphia, PA  19103
(215) 839-9529; Fax: (215) 405-2699
michael@forgoodlaw.com

## CERTIFICATE OF SERVICE

I, Michael Harris Fienman, Esquire, certify that I have caused to be delivered a copy

of this Sentencing Memorandum upon the following parties on this date:

Michelle Morgan, Esquire
Office of the United States Attorney
615 Chestnut Street
Suite 1250
Philadelphia, PA  19106

Michael H. Fienman, Esquire


Date: May 7, 2021

7